Argued June 19, affirmed August 8, reconsideration denied
September 27, petition for review denied November 7, 1978

STATE OF OREGON, *Respondent,*
*v.*
RANDY GLENN BRANDON, *Appellant.*
(No. M37813, CA 10279)
582 P2d 52

Steven L. Verhulst, Hillsboro, argued the cause for appellant. With him on the brief was Garland, Karpstein & Boyer, Hillsboro.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue,

Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

In this criminal case, defendant was charged with two counts of resisting arrest. ORS 162.315. Defendant pled not guilty and was found guilty of the first count (resisting the arrest of his wife) and not guilty of the second count (resisting his own arrest).

ORS 162.315(1) provides:

"(1) A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making *an arrest*." (Emphasis supplied.)

After the state rested, defendant moved for dismissal of the first count on the ground that one cannot be charged under this statute with resisting another person's arrest.

The purpose of ORS 162.315 is to reduce challenges to arrest made under color of law because such challenges foster civil disorder and disrespect for the law. *See* Proposed Oregon Criminal Code 204, Commentary (A), § 206 (1970). To effect this purpose, both arrested persons and others are subject to the penalties of resisting arrest. Statutes must be construed as a whole with a view to effecting the overall policy which statutes are intended to promote. *Wimer v. Miller,* 235 Or 25, 30, 383 P2d 1005 (1963); *State v. Laemoa,* 20 Or App 516, 526, 533 P2d 370, *rev den* (1975).

Although ORS 162.315(1) does not specifically state that "an arrest" includes the arrest of another, the language of the statute includes that concept. Resisting the arrest of another is as plainly the resistance of "an arrest" as the resistance of one's own arrest.

We hold that the language of ORS 162.315 includes resisting the arrest of another person.

Affirmed.