Argued February 23, affirmed in part; reversed in part and
remanded with instructions April 2, reconsideration denied May 8, 1979

MARTIN,
*Appellant, Cross-Respondent,*
*v.*
KLAMATH COUNTY,
*Respondent, Cross-Appellant.*
(No. 77-362E, CA 10718)

592 P2d 1037

[455]

Richard B. Thierolf, Jr., Klamath Falls, argued the cause and filed the brief for appellant, cross-respondent.

James Uerlings, Klamath County District Attorney's office, Klamath Falls, argued the cause and filed the brief for respondent, cross-appellant.

Before Thornton, Presiding Judge, and Lee and Gillette, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Plaintiff brought suit against defendant Klamath County to quiet title to a strip of land 60 feet wide and approximately 450 feet long, which had previously been used by the public as a roadway. Following a trial on the merits, the circuit court denied relief and dismissed plaintiff's complaint. Plaintiff appeals, assigning as error: (1) failure of the court to find nonuser and common law abandonment by defendant, and (2) the holding by the court that a road right-of-way can be abandoned only as provided in ORS 368.620.[1]

The county cross-appeals, contending that the court erred (1) in refusing the county's prayer that the court quiet title to the strip in the public as a right-of-way, and (2) in failing to enjoin plaintiff from interfering with the public's use of the right-of-way.

The essential facts are as follows:

Plaintiff was the owner of a large tract which included the right-of-way in issue. In 1960 plaintiff conveyed this right-of-way through her property to the United States. Plaintiff's predecessors also had apparently granted the same right-of-way to the United States some 10 years earlier. The road was originally

---

[1] "The rights of counties to public roads are not extinguished by adverse possession. No title to lands included in such public roads, when the roads are once established, shall be acquired as against the county through operation of the statute of limitations. When a county road has been once established, and is not opened within two years from the date of the order establishing it, or has not been used for vehicular traffic by the public for a period of 16 years, then upon petition of six freeholders of the road district in which the road is located, praying for vacation of the road or unopened or unused portion thereof, the county court shall conduct an investigation and either cause the road or unopened portion thereof to be opened within a reasonable time or make an order declaring the road or unopened or unused portion thereof vacated, except that no road or portion thereof shall be vacated under this section if vacation would deprive the owner of any real property of access to such property by public road or other right of way." ORS 368.620.

part of the Klamath Indian Reservation road system and was known as the Sycan Road.

Following termination of the reservation, some of these roads, including the subject road, were transferred to Klamath County. At no time, however, did the county ever establish this road or any portion of it as a "county road" under ORS 368.405, although it did accept an easement deed to it from the United States Department of the Interior, and treated it as a "public road."

The portion of the road in issue here included a bridge over the Sprague River. In 1964, the bridge was washed out by a flood. It has never been replaced. As a result, there has been very little use of that portion of the road in issue since the washout. In about 1966, plaintiff erected a fence across the road in order to prevent persons from driving down the road and depositing trash in the vicinity, including her property on both sides of the right-of-way. Some of the road is now overgrown with sagebrush. There was some testimony, however, that the county was considering construction of a boat landing where the subject road intersects with the Sprague River.

The thrust of plaintiff's argument in support of reversal runs as follows: Statutory vacation of roads under ORS 368.620 and common law abandonment are two distinctly different things; statutory vacation does not preclude common law vacation; ORS 368.620 has no application to the facts of the case at bar; and evidence established that the defendant county abandoned the strip under the doctrine of common law abandonment, *viz.,* nonuser and intent to abandon.

Plaintiff relies on *Powers v. Coos Bay Lbr. Co.,* 200 Or 329, 263 P2d 913 (1953); *Bernards et ux. v. Link and Haynes,* 199 Or 579, 248 P2d 341 (1952); *Macleay Estate Co. v. Curry County,* 127 Or 356, 272 P 263 (1928); *Bitney v. Grim,* 73 Or 257, 144 P 490 (1914); and *Magee Heirs v. Slack,* 152 Tex 427, 258 SW2d 797 (1953), in support of her theory of common law abandonment.

Defendant counters by insisting that a duly created public road may not be lost by the public unless the provisions of ORS 368.620 are complied with. Further, defendant argues that the common law pertaining to abandonment of a public easement, if it exists at all in Oregon, does not apply to this case.

We have examined the decisions relied upon by plaintiff and find them inapposite. *Powers* and *Bernards* involved claimed abandonments of private rights-of-way, not public roads.

*Bitney,* a 1914 case, did involve abandonment of a portion of a county road. This was, however, decided prior to the amendment of ORS 368.620 to provide for vacation on account of prolonged nonuser by the public. Oregon Laws 1957, ch 575, § 1. Further, the opinion dealt with a realignment rather than a claim of total road abandonment as in the case at bar. Additionally, the opinion in *Bitney* makes no mention whatsoever of ORS 368.620 and bases its conclusion on "[p]resuming that the road supervisor in changing the course of travel [of the county road] acted by authority * * *." 73 Or at 261. Thus, it would appear from the opinion that the court in reaching its decision assumed that the county road supervisor had acted according to law. In any event, *Bitney* can hardly be considered as authority for ignoring the subsequently enacted provisions of ORS 368.620 and substituting the common law doctrine of abandonment in the present case.

In *Macleay Estate* the issue was whether the defendant county had abandoned a road. This case is inapposite because the statute then in effect had no provision for vacating a road other than one which had been established but not opened, nor any provision for vacation in the event of nonuser.

*Magee Heirs,* the Texas case, did not involve an express statutory provision such as ORS 368.620, but rather an application of the common law doctrine of abandonment.

[459]

■ After examining the authorities, including those submitted by both sides to this controversy, we are of the opinion (1) that a duly established public road may not be lost to the public except pursuant to the terms of ORS 368.620, and (2) that the doctrine of common law abandonment does not apply under the facts at bar; that plaintiff cannot prevail on her theory.

■■ In enacting ORS 368.620, as amended, the legislature has provided the complete procedure for the vacation and discontinuance of a public road or highway in this state. It is necessary to adhere to this procedure in order that the vacation be effective. While this issue has apparently never been decided in this state, the majority rule in other jurisdictions is that when the legislature provides a method by which a county may abandon or vacate roads, that method is exclusive. *See San Diego County v. Calif. Water & Tel. Co.,* 30 Cal 2d 817, 186 P2d 124 (1947), and authorities cited therein. The fact that the legislature provides a method whereby a county might abandon a road is a positive inhibition against other methods of termination. We are of the opinion that there can be no vacation of this road except under the provisions of ORS 368.620. *See also Hislop v. County of Lincoln,* 249 Or 259, 437 P2d 847 (1968).

■■ By the same token, we conclude that defendant county was entitled to have plaintiff enjoined from interfering with the public's use of same unless and until this road is vacated under ORS 368.620. Plaintiff's fence across the right-of-way is a nuisance. *See Sweet et al. v. Irrigation Canal Co.,* 198 Or 166, 254 P2d 700, 254 P2d 700, 256 P2d 252 (1953). As such, it was subject to immediate abatement and removal. *City of Molalla v. Coover et ux.,* 192 Or 233, 235 P2d 142 (1951). ORS 368.620 inhibits this method of acquiring title to lands in public roads. This has been the statutory law of this state since 1895. *Sweet* at 196. Therefore, the court erred in refusing to grant such relief to the defendant county.

[460]

Affirmed in part; reversed in part and remanded with instructions.