POE, et al,
*Respondents,*
*v.*
DEPARTMENT OF TRANSPORTATION, et al,
*Appellants,*
*v.*
SAFEWAY STORES, INC.
*Respondent.*
(No. 76-8-116, CA   12165)
600 P2d 939

Leslie B. Hampton, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Alonso P. Stiner, Portland, argued the cause and submitted the brief for respondents.

Donald M. McEwen, Portland, waived appearance for respondent, Safeway Stores, Inc., a corporation.

Before Lee, P. J., Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiffs Poe and Jamison brought this suit seeking a declaratory judgment that a certain piece of real property in the City of Gladstone, which once had been a part of the Cascade Highway (also known as Old 82d) before that highway was relocated due to the construction of the I-205 freeway, is a public road over which plaintiffs have the right to travel. Plaintiffs also prayed for an injunction prohibiting defendants from advertising for sale and selling the disputed portion of the road in question as surplus property. Defendants, alleging that the road in question was abandoned, filed a cross-complaint to quiet title to the subject property in the state and to enjoin plaintiffs from asserting any adverse claims to the property.[1] After hearing the evidence, the court ruled in plaintiff's favor, issuing the injunction prayed for. Pursuant to the parties' request for a ruling on the matter, the court also declared that in the area in question Old 82d was 65 feet wide. From these rulings defendants appeal.

■ ■ The first issue is whether this case is in law or equity. Declaratory judgment proceedings are treated as legal or equitable, depending upon the nature of the underlying claim. *May v. Chicago Insurance Co.,* 260 Or 285, 490 P2d 150 (1971). Plaintiffs' complaint and defendants' cross-complaint sought injunctive as well as declaratory relief. By stipulation of the parties, all other issues were segregated for separate trial. *See*

---

[1] Plaintiffs, alleging ownership of real property abutting the parcel in question, sought in the alternative a declaration that if the road had been abandoned, plaintiffs owned the south one-half of the road. Defendants denied that plaintiffs owned the abutting property. The parties segregated the following issues for separate trial: the ownership of the south one-half of the disputed parcel should the court rule the road had been abandoned; the amount of damages caused to the state by the preliminary injunction against its sale of the property; and the amount of attorney's fees due the state if it successfully defended against the injunction. These issues were rendered moot by the trial court's rulings. The portion of the state's cross-complaint joining Safeway Stores, Inc., as a defendant by reason of Safeway's ownership of property abutting the disputed parcel was not involved at the trial and is not in issue here.

note 1, *supra.* The parties and the court proceeded at trial on the assumption that the case was in equity. Under these circumstances, this declaratory judgment proceeding is in the nature of a suit in equity. *See, e.g., Carey v. Hays,* 243 Or 73, 409 P2d 899 (1966). We thus try all factual issues de novo. ORS 19.125; *International Health & Life v. Lewis,* 271 Or 35, 530 P2d 517 (1975).

Defendants argue that under the doctrine of common law abandonment, *see, e.g. Bitney v. Grim,* 73 Or 257, 144 P 490 (1914), the state had abandoned the use of the property in question for public road purposes. Defendants contend that by virtue of the abandonment, the roadway reverted to the abutting owner, which in this instance was the state. They argue that the net result is that the state continues to own the property, but not as a roadway, and that therefore the general public has no right of access. Plaintiffs, while agreeing with defendants on the applicability of that doctrine to abandonment of a state highway, contend that the facts of the case do not support the conclusion that the road had been abandoned. On appeal, plaintiffs argue that under *Martin v. Klamath County,* 39 Or App 455, 592 P2d 1037, *rev den* (1979), which was decided since the trial, the doctrine of common law abandonment does not apply to abandonment of a state highway. In *Martin v. Klamath County,* the plaintiff sued to quiet title to a strip of land which had previously been used by the public as a roadway. A bridge comprising part of the road in question had been washed out by a flood in 1964, and had never been replaced, so that traffic over that portion of the road was minimal. Plaintiff owned property on both sides of the right of way and had erected a fence across the roadway to prevent persons from driving down the road and depositing trash in the area. Some of the road was overgrown with sagebrush. Plaintiff contended that the defendant county had abandoned the road under the doctrine of common law abandonment. ORS 368.620 provided a complete procedure for road vaca-

tion or abandonment under the facts presented. This court held that where the legislature had provided a statutory method by which a county could abandon or vacate a road, that method is exclusive.

In the present case, the state apparently concedes that if there is a statutory procedure for abandonment of a state highway, it was not followed. ORS 366.300 governs the abandonment of sections of state highway elminated from the original route of the highway when the state highway is relocated or realigned. That section provides:

"(1) Whenever the department relocates or realigns a state highway or a section thereof, and by reason of such relocation or realignment there is eliminated from the original route of the highway a section thereof, the eliminated section shall, if needed for the service of persons living thereon or for a community served thereby, be maintained by the department at state expense, or by the county or by the state and the county on such terms and conditions as may be agreed upon.

"(2) If the abandoned sections are merely parts of the old right of way which are no longer needed for right of way purposes, then the abandoned sections shall, except as otherwise provided in this section, revert to and title thereto shall vest in the abutting owner or owners.

"(3) If such sections of old right of way, or any part thereof, in the judgment of the department, are needed or valuable for any public use, then the department shall, by appropriate resolution entered in its minutes, declare the purpose of the department to preserve the same for public use; and, upon entry of such resolution in the records of the department, title to the portions specified therein shall remain in the public. In addition to the adoption and recording of such resolution the department shall cause a map to be made and filed with the department's records showing thereon the new and the old route of such sections; and if the relocation results in eliminated right of way areas only, then the map shall show the areas to be preserved for public use.

"(4) Nothing in this section shall impair vested rights of property owners under existing deeds, easements or contracts whereby the state or any county acquired such right of ways. This section shall not prevent the department from contracting for the acquisition of easements or rights of way on such terms and conditions as to abandonment and reverter as it may consider advisable under the conditions then existing."

Defendants contend that ORS 366.300 does not establish a procedure for abandonment and, therefore, *Martin v. Klamath County, supra,* does not prevent the application of common law abandonment to the case at bar. We construe the statute as a whole with a view toward effecting its overall policy. *Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963); *State v Brandon,* 35 Or App 661, 582 P2d 52, *rev den* (1978).

ORS 366.300 does not set out detailed procedures for road abandonment similar to those in ORS 368.565 to 368.582 and 368.620 governing vacation of county roads. ORS 366.300(3), however, contemplates that after realignment of a state highway, the Department of Transportation (Department) will make a determination whether the eliminated sections "are needed or valuable for any public use." Under that subsection, if the Department concludes that the sections of highway are valuable, a suitable resolution shall be entered into the minutes and records of the Department, and title to those portions will remain in the public. That subsection also provides that the Department shall cause a map to be made and filed with the Department's records showing the new and old routes of the highway and the areas to be preserved for public use.

■ ORS 366.300(3) does not specify procedures to be followed where in the Department's judgment the eliminated sections of right of way are not needed for any public use. ORS 366.300(2), however, provides that title to the eliminated portions of the old right of way will revert to the abutting owners if the sections

[498]

"are no longer needed for right of way purposes." Although subsections (2) and (3) do not use identical terminology, it appears that a departmental determination under subsection (3) that the old right of way is *not* needed for any public use is necessarily a determination that the old right of way is no longer needed for right of way purposes under subsection (2). That is, the reversion of title to abutting owners in ORS 366.300(2) occurs only after the Department makes its determination under ORS 366.300(3) as to the value for public use of the eliminated sections of highway. Thus, ORS 366.300 provides for a procedure, albeit rather undetailed, for the abandonment of a state highway in the situation presented by the present case. Under the rationale of *Martin v. Klamath County, supra,* that procedure is the exclusive means by which a state highway may be abandoned.

■    The departmental resolution under ORS 366.300(3) is not recorded under the recording act, but rather is filed in the Department's records. Thus, the ownership of sections of roadway eliminated from state highways must ordinarily be determined from Department of Transportation records. The statutory pattern suggests that the legislature intended that statutory provisions concerning abandonment of state highways supplant common law abandonment.

Defendants contend alternatively that ORS 366.300(2) is "self executing." By this term defendants apparently intend to say that upon relocation of the highway and elimination of the disputed sections from the right of way, the eliminated sections are abandoned with no further action on the part of the Department of Transportation if the eliminated sections are in fact of no value for any public use. Under the preceding analysis of ORS 366.300, subsection (2) is not self executing. Further, transfer of title to real property with no record thereof is against the policy of both the recording act and ORS 366.300(3).

[499]

■ The remaining issue in this case is the width of Old 82d in the disputed area. Recitation of the evidence on this issue would benefit neither bench nor bar. After de novo review of the evidence, we conclude that Old 82d is 40 feet wide in the area in question.

Affirmed as modified.