Argued and submitted January 7, reversed and remanded November 9, reconsideration denied December 23, 1983, petition for review denied January 10, 1984

## WILKINS et al,
*Appellants,*

*v.*

## LANE COUNTY,
*Respondent.*

## (16-81-07150; CA A25079)

671 P2d 1178

Susan R. Pease, Eugene, argued the cause and filed the brief for appellants.

Teresa J. Wilson, Assistant County Counsel, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs filed a complaint against defendant (county) for damages, alleging trespass, nuisance, a taking of plaintiffs' property for public use without compensation and a violation of plaintiffs' right to due process of law. These claims arose out of the county's issuance in 1979 of a facilities use permit to one Parks, not a party to this case, to clear a driveway 12-feet wide on the right-of-way of County Road 386 across plaintiffs' property.

The trial court allowed the county's motions to dismiss plaintiffs' causes of action alleging a taking without compensation and a violation of due process of law. The trial court then entered a summary judgment for the county on the claims of trespass and nuisance. Plaintiffs appeal. We conclude that there are genuine issues of material fact and that the trial court therefore erred in granting summary judgment. Because the disposition of the summary judgment will affect the other two causes of action, it was also error for the trial court to dismiss them, and they must be considered by the trial court on remand. We reverse and remand.

Plaintiffs argue that, because they have clear title unburdened by any recorded or known right-of-way, the county is liable to them for trespass and nuisance in allowing a private party to come onto their land and build a driveway. The county responds that (1) because County Road 386 predates the source of plaintiffs' title and because it, in fact, crosses plaintiffs' property, the county had authority to issue the permit to Parks; and (2) if Parks had, in fact, developed and interfered with land not situated on County Road 386, any action for trespass and nuisance would lie against Parks, not the county.

■ In a summary judgment,

"[t]he moving party has the burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. The record on summary judgment is viewed in the light most favorable to the party opposing the motion. *Uihlein v. Albertson's Inc.,* 282 Or 631, 580 P2d 1014 (1978); *Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977); *Santilli v. State Farm,* 278 Or 53, 59, 562 P2d 965 (1977); *Forest Grove Brickworks v. Strickland,* 277 Or 81, 84-85, 87, 559 P2d 502 (1977). This is true even as to those

issues upon which the opposing party would have the trial burden. 6 P.T. *[sic]* 2 Moore, Federal Practice § 56.23 (2d 3d 1976)." *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

The key focus of our review is whether the evidence conclusively proves that County Road 386 was a duly established and validly existing county road in 1979 when the permit was issued, and, if so, whether it passes over or through plaintiffs' property, as the situation actually exists on the ground.

Plaintiffs' property is a quarter of a quarter section and consists of 40 acres. For this litigation, "Tax Lot 601" is accepted by the parties as being the legal description of the property. It was so identified in the permit. The property had been public land until 1939, at which time it passed into private hands through a patent issued to Sadie Paula Wilsie. The patent made no mention of the subject road, nor does the plat show a road or any other easement. The chain of title concludes with plaintiffs, who acquired their interest in the property in 1975. The transfer to them was also silent regarding any county road.

We now turn our attention to County Road 386. The evidence of its creation, present existence and location is not so clear. Defendant claims to have legally established the road in 1884 and asserts that the road crosses plaintiffs' 40 acres. The evidence on these contentions is gleaned from a rather confusing record.

■■   First, as to the origin of the road, the record is totally devoid of any meaningful documentation whatsoever regarding its creation. The only evidence remotely relating to the origin is the affidavit of the present county surveyor, who — as the one "charged with maintenance and knowledge of the county road records" — states that, on the basis of his investigation and review, the road was "established in 1884." He apparently relied on an entry in one of the county's six Road Index Books. Book number one lists "County Road Number 386 'Florence to Mercer Lake, Road Book Two, Page 478,' dated May 29, 1884." However, he said, "The file page is missing in this index book as is the case for many of the older County Roads." Clearly, this kind of evidence does not rise to the level of proof necessary to sustain a summary judgment. However, under *Wallowa County v. Wade,* 43 Or 253, 72 P 793

(1903), despite the absence of any recordation or other documentation, the county may nevertheless prevail on the point that County Road 386 exists by proving pre-patent public use.

■ In that case, the Supreme Court held that, under the Act of July 26, 1866, ch 262, § 8, 14 Stat. U.S. 253, the United States made a present grant of an easement over public lands for highways in this state. That was a dedication of land which became operative whenever the public, either by user or by some appropriate act of the appropriate authorities, affirmatively manifested an intention to use a certain definite portion of the public land as a highway. Subsequent settlers and their successors then took their titles subject to the easement. Nothing formal was required to be done to establish the road, and it did not matter that the road or easement was not recorded on a plat or title to the property. *Wallowa County v. Wade, supra.* Thus, County Road 386, which, according to the evidence described above from the county surveyor and the county's Road Index Books, was established at least by public user, meets the requirements of establishment under *Wallowa.*

In addition, both parties have conceded in the trial court and in their briefs that there *is* an established County Road 386 somewhere. Therefore, we hold that the evidence is sufficient to support the fact of the establishment of the road.

■■ Next, we turn to the issue of whether or not County Road 386 validly existed at the time that the county issued the permit to Parks. Although the road has been in disuse for several years, this court has held that an existing road can cease to exist only under statutory provisions governing the procedure for vacation and discontinuance of public roads or highways. *Martin v. Klamath County,* 39 Or App 455, 592 P2d 1037 (1979). A duly-established public road may not be lost to the public, except pursuant to statute.[1] The statutes had not been followed before his case.[2] Neither can a public road be lost under the doctrine of common law abandonment. *Martin v. Klamath County, supra.* The parties did not present any evidence to show that County Road 386 had been vacated pursuant to any legislative enactment. *See* ORS 368.326 *et seq.* Therefore, at the time the permit was issued, County Road 386

---

[1] ORS 368.326, *et seq,* outlines the procedure to vacate county roads.

[2] However, County Road 386, wherever it is, has now been vacated.

was still a public highway over which the county had authority. Accordingly, the county did not overstep its authority in issuing the permit to Parks for the development of a roadway on County Road 386. *See also Poe v. Department of Transportation,* 42 Or App 493, 600 P2d 939, *rev den* 288 Or 173 (1979).

The key question remains: Where is County Road 386? The answer is crucial to the case because, although the county has authority over County Road 386, the county may not issue a permit to a private party for development of a roadway over property not within the county road. The permit here lists by specific reference several tax lots, including that owned by plaintiffs, over which Parks is given permission to build the driveway.

The evidence presented to the trial court is not very helpful. There is testimony that Road Viewers appointed to determine a way of necessity for Parks in 1979 found remains of a road that were visible and defineable on Parks' property, which lies south of plaintiffs' property, and that it connected to Friendly Acres Road, north of plaintiffs' property. The county surveyor reported, as part of the history of County Road 386, that the road had been opened and worked by some of the older area residents and that there was a visible roadbed, as witnessed by the Road Viewers in 1979.

Plaintiffs themselves have admitted on a number of occasions that what may have been a road does run across their property. For example, in a June 11, 1979, letter to the county they requested vacation of the road across their property. They have allowed their neighbors to pass through on the road, as they admitted in a letter written to Parks in response to Lane County Board of Commissioners Order No. 79-5-23-5, dated May 25, 1979. In a July 28, 1979, letter plaintiffs requested a facility permit to have a fence across existing County Road 386 which was on their property. We are unable to ascertain from the evidence the true nature or extent of plaintiffs' acknowledgement. It may well be that their actions were predicated on the chance that the county might be right in its contentions, but, in any event, even if there is the semblance of a road on plaintiffs' property, we are unable to find any definitive proof that such a road is, in fact, County Road 386. Unfortunately, there is no survey, old or new, to

help guide the factfinder. The county asserts that the costs for such an undertaking would be prohibitive.

■    When all is said and done, we still have the question: *"County Road 386, Where Are You?"* While this may sound more like the title of a new television sitcom, it is — in fact — the underlying issue of this appeal. And it is because we are unable to construct an answer to this question from the record before us that we must reverse the trial court's granting of summary judgment. The issue of the location of the road is critical to all of the causes of action pled by plaintiffs. If the road does not, in fact, cross plaintiffs' property, the county might be liable, because the permit issued to Parks allows him to go onto plaintiffs' land, Tax Lot 601. If County Road 386 does cross plaintiffs' land, the county is not liable to these plaintiffs in any way.

Reversed and remanded.