**Dianne MIMS, Plaintiff—Appellant,**

v.

**CITY OF EUGENE; Jay Shadwick, in his individual capacity, and as police official of the City of Eugene, Defendants—Appellees.**

No. 04–35042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Aug. 4, 2005.

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Brian Michaels, Esq., Eugene, OR, for Plaintiff–Appellant.

Jens Schmidt, Esq., Harrang Long Gary Rudnick, PC, Eugene, OR, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Dianne Mims appeals the summary judgment entered in favor of the City of Eugene and Eugene Police Sergeant Jay Shadwick on her First and Fourth Amendment claims, as well as her municipal liability and failure to train claims. We affirm.

## I

Mims cannot prevail on her First Amendment claim against Shadwick because she failed to come forward with sufficient evidence that Shadwick "deterred or chilled [her] political speech and such deterrence was a substantial or motivating factor in [his] conduct." *Sloman v. Tadlock,* 21 F.3d 1462, 1469 (9th Cir.1994). Nothing in the Eugene Police Department's Mobile Field Force Operational Plan (Operational Plan) supports a reasonable inference that Shadwick or any other police officer was motivated by hostility toward the views of the Mumia protestors. Rather, the Operational Plan reflected planning for a worst-case scenario in a neutral, objective manner. In addition, the fact that an earlier version did not contain as much detail regarding the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sources of information leading the police to believe that violence might occur does not indicate that the Eugene Police Department's stated goals were pretextual.

The fact that the Crowd Control Team, of which Shadwick was a member, showed up in full riot gear was not a disproportionate response and does not indicate preexisting hostility toward the protestors's views or a desire to provoke a violent confrontation. The Crowd Control Team was held in reserve at the Lane County Fairgrounds, to be deployed only if necessary.

## II

Neither the Operational Plan nor the manner of the Eugene Police Department's mobilization supports a reasonable inference or creates a triable issue of fact that the City of Eugene failed to train its officers regarding, or was deliberately indifferent to, the First Amendment rights of the protestors.

## III

█ Summary judgment for Shadwick was also appropriate on Mims's Fourth Amendment claim alleging that he arrested her without probable cause. The "facts and circumstances within [Shadwick's] knowledge [were] sufficient to warrant a prudent person, or one of reasonable caution, to believe, in the circumstances shown, that [Mims] ha[d] committed, [was] committing or [was] about to commit an offense." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005) (internal quotation marks omitted).

Shadwick arrested Mims for, among other things, resisting arrest, which is defined under Oregon law as "intentionally resist[ing] a person known . . . to be a peace officer in making an arrest." Or.Rev.Stat. § 162.315(1). The provision applies to re-

sisting the arrest of another person. *See State v. Brandon*, 35 Or.App. 661, 582 P.2d 52 (1978).

It is undisputed that Shadwick ran into the crowd after a suspect who had thrown a flaming object at a police officer, that he collided with Mims, that both fell to the ground, that this collision prevented Shadwick from apprehending the suspect, and that Shadwick perceived, whether correctly or not, that Mims intentionally stepped in front of him. Mims disputes that she did this, but the probable cause inquiry looks to the facts and circumstances as reasonably perceived by the arresting officer, not what actually occurred or what the arrestee perceived. Based on the facts available to Shadwick at the time, a reasonably prudent officer would have believed that Mims stepped in front of him in order to prevent the arrest of the fleeing suspect.

As Shadwick had probable cause to arrest Mims for resisting arrest, there is no need to decide whether he had probable cause to arrest her for disorderly conduct. *See Barry v. Fowler*, 902 F.2d 770, 773 n. 5 (9th Cir.1990).

## IV

Because there is no underlying constitutional violation remaining in this case, summary judgment was properly granted to the City of Eugene. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam).

## V

Mims did not argue her intentional infliction of emotional distress, false arrest, and false imprisonment claims in her opening brief on appeal. Therefore, these claims are waived. *See Smith v. Marsh*,

194 F.3d 1045, 1052 (9th Cir.1999); Fed. R.App. P. 28(a)(9)(A).

AFFIRMED.