Argued and submitted February 24, 2015, conviction for interfering with a
peace officer reversed, otherwise affirmed June 29, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSE IDA KOUNTZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
120951044; A154677

379 P3d 664

Rond Chananudech, Deputy Public Defender, argued
the cause for appellant. On the opening brief were Peter
Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public
Defender. With him on the reply brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Peenesh H. Shah, Assistant Attorney General, argued
the cause for respondent. With him on the brief were Ellen F.
Rosenblum, Attorney General, and Anna M. Joyce, Solicitor
General.

Before Armstrong, Presiding Judge, and Hadlock, Chief
Judge, and Egan, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## EGAN, J.

Defendant was convicted of interfering with a peace officer (IPO), ORS 162.247,[1] resisting arrest, ORS 162.315, and harassment, ORS 166.065, but challenges only her conviction for IPO. In her first assignment of error, defendant contends that the trial court erred in denying her motion for judgment of acquittal (MJOA) on the charge of IPO. Defendant argues that, under ORS 162.247(3)(a), "a person cannot be convicted of [IPO] based on conduct that would constitute resisting another person's arrest." The state argues that an MJOA was an improper mechanism to make such a challenge. We agree with defendant that a person cannot be convicted of IPO based on conduct that would constitute resisting another person's arrest, and that, under the circumstances of this case, she could raise that issue in an MJOA. Thus, we reverse defendant's IPO conviction. Because we reverse on that basis, we do not address defendant's second assignment of error. We otherwise affirm.

We state the facts in the light most favorable to the state and review those facts to determine whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt. *State v. Cunningham,* 320 Or 47, 63, 880 P2d 431 (1994), *cert den,* 514 US 1005 (1995). Police officers Curtiss and Seals arrived at defendant's residence in response to a call about a domestic dispute. The officers placed two of defendant's sons—D and A—under arrest. While Curtiss was arresting A, defendant put her "forearm into [Curtiss'] chest," "shov[ed] [him] against the wall,"

---

[1] ORS 162.247 provides, as relevant:

"(1) A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or parole and probation officer as defined in ORS 181A.355:

"(a) Intentionally acts in a manner that prevents, or attempts to prevent, a peace officer or parole and probation officer from performing the lawful duties of the officer with regards to another person; * * *

"* * * * *

"(3) This section does *not* apply in situations in which the person is engaging in:

"(a) *Activity that would constitute resisting arrest under ORS 162.315*; or

"(b) Passive resistance."

(Emphases added.)

pulled Curtiss off of A, and pulled A away from Curtiss. Curtiss warned defendant that, if she did not get her hands off of him, he was going to arrest her for interfering with the arrest. Two back up officers—Mast and Steigleder—arrived. and tried to arrest defendant, but she continued to struggle while they attempted to place her in handcuffs. Curtiss had to push A aside to assist in handcuffing defendant.

Defendant was charged with IPO (Count 1), resisting arrest (Count 2), and harassment (Count 3). Before jury selection, defendant moved for the state to elect a theory on Counts 1 and 2. On Count 1, IPO, the state elected to proceed on the theory that defendant interfered with the officer's duties by resisting A's arrest. On Count 2, the state elected to proceed on the theory that defendant resisted her own arrest.

After the state's case-in-chief, defendant moved for a judgment of acquittal on all counts. With respect to the IPO charge, defendant argued that her conduct would not support a conviction:

> "[The legislature] made it quite clear that * * * the [IPO] statute does not apply in situations in which the person is engag[ed in] an activity that would constitute resisting arrest. The very first witness, all the way through the end of the state's witnesses * * * were * * * talking about [defendant's] efforts to intervene with Officer Curtiss regarding * * * that arrest, were it an attempt to resist the arrest and interfere physically in the arrest of [A].
>
> "Because it is activity that would constitute resisting arrest under ORS 162.315, we believe the state should not be allowed to go forward to a jury given that subsection of the statute."

The state responded that the exception for resisting arrest was not at issue because the state alleged "different episodes of conduct in which there are elements that support each of the [IPO] and Resisting Arrest [charges]."

The trial court denied defendant's MJOA, concluding that defendant's conduct fit within the requirements of ORS 162.247, because the legislature did not intend "to exempt from interfering with a peace officer the actions of a

person who is attempting to prevent that person's son from being arrested by the police."

On appeal, defendant contends that the trial court erred in denying her MJOA on the charge of IPO. Defendant argues that "a person cannot be convicted of [IPO] based on conduct that would constitute resisting another person's arrest." The state does not dispute defendant's contention that the exception found in ORS 162.247(3) can apply to resisting another person's arrest. Instead, the state argues that defendant has not correctly raised the issue because it is not susceptible to being addressed through an MJOA.

First, we agree with defendant that a person cannot be charged with IPO based on conduct that would constitute resisting arrest. *See State v. Garcia*, 278 Or App 639, 650, 377 P3d 596 (2016) (concluding that the legislature intended that a defendant cannot be charged with IPO where the underlying conduct would support a charge for resisting arrest); *see also State v. Brandon*, 35 Or App 661, 663, 582 P2d 52, *rev den*, 284 Or 235 (1978) (concluding "that the language of ORS 162.315 includes resisting the arrest of another person").

Second, we agree with defendant that, under the circumstance of this case, an MJOA is an available mechanism for raising a challenge to a charge for IPO. Here, defendant's MJOA was sufficient to put the state and trial court on notice of the substance of her challenge—that, because the IPO count was based on activity that would constitute resisting arrest, it should not be allowed to go forward to a jury. *See State v. Meyer*, 183 Or App 536, 541-42, 53 P3d 940 (2002) (concluding that "it is unnecessary to identify a particular procedural mechanism by which defendant was authorized or required to make his challenge" because defendant "fairly put before the trial court the substance of his challenge to the citation"). At least when, as here, the state expressly elects, on the day of trial, to base an IPO charge on a defendant having resisted the arrest of another person, the IPO charge is improper and may be challenged through an MJOA. That is, because the state acknowledged that the IPO charge was based on a resisting-arrest theory, defendant's motion "did not require the trial court to

determine if defendant was guilty of resisting arrest, and therefore entitled to a judgment of acquittal on the IPO count[]." *Garcia*, 278 Or App at 654. Rather, because it was undisputed that the state's IPO theory was that defendant had resisted A's arrest, it necessarily follows, under *Garcia*, that defendant was entitled to acquittal on the IPO charge.[2]

Conviction for interfering with a peace officer reversed; otherwise affirmed.

---

[2] The state contends that "ORS 162.247(3)(a) is nothing more than a specific merger rule" and therefore cannot serve as the basis for a motion for judgment of acquittal. We have rejected the state's argument that the statute operates as a merger rule. *Garcia*, 278 Or App at 654.