Submitted on remand from the Oregon Supreme Court December 12, 2017, affirmed October 23, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSE IDA KOUNTZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
120951044; A154677

452 P3d 993

On remand from the Supreme Court for reconsideration in light of the court's opinion in *State v. Garcia*, 361 Or 672, 399 P3d 444 (2017), the Court of Appeals concluded that its earlier opinion in this case, *State v. Kountz*, 279 Or App 262, 379 P3d 664 (2016), *vac'd and rem'd for recons*, 362 Or 175, 406 P3d 612 (2017), in which the court held that a person cannot be charged with interfering with a police officer based on conduct that also constitutes resisting arrest, was incorrect under *Garcia*, and that the trial court therefore did not err in denying defendant's motion for judgment of acquittal on the charge of interfering with a police officer.

Affirmed.

On remand from the Oregon Supreme Court, *State v. Kountz*, 362 Or 175, 406 P3d 612 (2017).

Stephen K. Bushong, Judge.

Peter Gartlan, Chief Defender, Elizabeth Dailey, Deputy Public Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Chief Judge, and Hadlock, Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

This case is on remand from the Supreme Court for reconsideration in light of the court's opinion in *State v. Garcia*, 361 Or 672, 399 P3d 444 (2017). In that case, the defendant was charged with resisting arrest, ORS 162.315, and two counts of interfering with a peace officer, ORS 162.247, based on the same conduct of preventing police from arresting her boyfriend. ORS 162.247(3)(a), which defines the offense of interfering with a peace officer, provides that it "does not apply in situations in which the person is engaging in *** [a]ctivity that would constitute resisting arrest under ORS 162.315." The defendant in *Garcia* moved for a judgment of acquittal on the interfering counts, contending that she could not be charged with an interfering offense based on the same conduct giving rise to the resisting arrest charge. 361 Or at 676. The state acknowledged that a person could not be *convicted* of both offenses, but contended that both offenses could be submitted to the jury. The trial court denied the defendant's motion, submitted both offenses to the jury, and instructed the jury that, if it should find that the defendant was guilty of resisting arrest, it must return a verdict of not guilty as to the interfering counts relating to the same conduct. The defendant was ultimately convicted on one interfering charge but acquitted of the second interfering charge and the resisting charge. *Id.* at 677.

On the defendant's appeal in *State v. Garcia*, 278 Or App 639, 377 P3d 596 (2016), we held that a person cannot be charged with interfering with a peace officer for the same conduct that also constitutes resisting arrest, and we reversed the defendant's conviction for interfering. The Supreme Court reversed this court, holding that, as alternative charges based on the same conduct, a person can be charged with both resisting arrest and interfering with a peace officer, and that both offenses can be submitted to the jury. The court further said that, to avoid conflicting convictions under ORS 162.247(3)(a), when both offenses are submitted to the jury and the defendant disputes the charges, the jury should be instructed to address the resisting charge first, and to consider the interference charge only if the jury does not find the defendant guilty of resisting arrest. 361

Or at 687. The court reversed this court and reinstated the judgment of conviction for interfering with a peace officer. *Id.*

In this case, the procedural facts are slightly different. Based on the theory that defendant had interfered with police by resisting the arrest of her son, defendant was charged with interfering with a peace officer. She was not, however, charged with resisting based on that conduct.[1] Defendant sought a judgment of acquittal on the interfering charge under ORS 162.247(3)(a), contending that the conduct on which the interfering charge was based would constitute resisting arrest, and the state therefore should not be allowed to go forward. The trial court denied the motion, and defendant was convicted.

On appeal, defendant challenged only her conviction for interfering, and her first assignment assigned error to the denial of her motion for judgment of acquittal based on ORS 162.247(3)(a) and to the failure to instruct the jury that she could not be found guilty of interfering based on conduct that would constitute resisting. We issued our opinion before the Supreme Court's opinion in *Garcia*. *State v. Kountz*, 279 Or App 262, 379 P3d 664 (2016). Citing our opinion in *Garcia*, we agreed with defendant on her first assignment that she could not be charged with interfering based on conduct that could also constitute resisting, and we reversed defendant's interfering conviction. 279 Or App at 266. Because we reversed defendant's conviction for that reason, we did not address defendant's second assignment of error, in which she contended that the trial court erred in failing to give an instruction that a person cannot be convicted of interfering based on conduct that also constitutes resisting. *Id.* at 264.

Now, in light of the Supreme Court's opinion in *Garcia*, we conclude that we were incorrect in this case in concluding that the court erred in denying defendant's motion for judgment of acquittal on the interfering charge. Additionally, under *Garcia*, the trial court did not err in

_____

[1] Defendant was also charged with and convicted of resisting her own arrest. This appeal does not concern that conviction.

denying defendant's motion for an instruction that defendant could not be convicted of interfering for conduct that also constituted resisting. Having reconsidered the case in light of the Supreme Court's opinion in *Garcia*, we now reject both of defendant's assignments of error and conclude that defendant's conviction for interfering with a peace officer must be affirmed.

Affirmed.