Submitted on remand from the Oregon Supreme Court June 23, 1993, reversed
June 8, 1994

# CITY OF EUGENE,
*Respondent,*

*v.*

# KATHY KAY KRUK,
*Appellant.*

## (91-50006; CA A71272)

875 P2d 1190

Edmund J. Spinney argued the cause and filed the brief for appellant.

Jens Schmidt argued the cause for respondent. With him on the brief were Floyd F. Prozanski, Jr., and Harrang Long Watkinson Arnold & Laird, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals her conviction under Eugene Municipal Code § 4.907 (EC § 4.907), which prohibits conduct that interferes with a police officer's lawful performance of a duty. We reversed the conviction on the ground that the ordinance was preempted by state law. *City of Eugene v. Kruk*, 115 Or App 494, 839 P2d 250 (1992). On review, the Supreme Court vacated our opinion and remanded for reconsideration in the light of *City of Portland v. Jackson*, 316 Or 143, 850 P2d 1093 (1993). *City of Eugene v. Kruk*, 316 Or 436, 851 P2d 1140 (1993). On reconsideration, we again reverse.

Plaintiff City of Eugene (the city) charged defendant with violating EC § 4.907. Defendant demurred, arguing that the facts alleged in the complaint failed to constitute an offense, because EC § 4.907 is unconstitutional on its face under Article XI, section 2, of the Oregon Constitution, which prohibits local governments from enacting legislation that conflicts with state criminal laws.[1] *City of Portland v. Jackson, supra*, 316 Or at 146. According to defendant, EC § 4.907 conflicts with ORS 162.235 and ORS 162.315. The trial court overruled her demurrer. On appeal, defendant assigns error to the trial court's decision.

In *Jackson*, the Supreme Court summarized the proper procedure for determining whether an ordinance is invalid under Article XI, section 2:

> "[W]e first must examine the ordinance and statutes that the parties claim are in conflict. Next, we determine what conduct the ordinance prohibits. Third, we look to see whether the applicable statute or statutes *permit* that conduct, either by an express legislative decision, by a decision apparent in the legislative history, or otherwise. If the ordinance prohibits conduct that the statute permits, the laws are in conflict and the ordinance is displaced under Article XI, section 2." 316 Or at 151.

We proceed, then, with an examination of defendant's challenge in accordance with the three steps described in *Jackson*.

---

[1] Article XI, section 2, provides, in part:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, *subject to the Constitution and criminal laws of the State of Oregon * * *.*" (Emphasis supplied.)

■ ■ We begin with the texts of the ordinance and the relevant statutes. EC § 4.907 generally prohibits any interference with a police officer in the lawful performance of duties, if the conduct was done intentionally to interfere or with reckless disregard for its interference:

> "It shall be unlawful for any person, intentionally or with reckless disregard thereof, to interfere with a police officer in the officer's lawful performance of his or her duties. To interfere with as used in this section shall mean any physical act, including a refusal to leave a particular area in response to a lawful order from a police officer, that prevents or could reasonably be expected to prevent a police officer from performing his or her duties." EC § 4.907.

Under ORS 162.235, certain conduct is unlawful if it is intentionally done to interfere with the administration of any governmental or judicial function, other than the making of an arrest. It provides, in part:

> "(1) A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs or hinders the administration of law or other governmental or judicial function by means of intimidation, force, physical or economic interference or obstacle.
>
> "(2) This section shall not apply to the obstruction of unlawful governmental or judicial action or interference with the making of an arrest."

Under ORS 162.315, intentional resistance to arrest is unlawful if the actor knows that the person resisted is a peace officer making an arrest. It provides, in part:

> "(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.
>
> "(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to the arresting officer. Passive resistance does not constitute behavior intended to prevent being taken into custody.
>
> "(3) It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the

arrest, provided the peace officer was acting under color of official authority."

The statute applies to a person who resists the arrest of another, as well as to a person who resists his or her own arrest. *State v. Brandon*, 35 Or App 661, 663, 582 P2d 52, *rev den* 284 Or 235 (1978).

In accordance with *Jackson*, we determine what conduct EC § 4.907 prohibits. By its terms, the ordinance makes unlawful "any physical act * * * that prevents or could reasonably be expected to prevent a police officer from performing his or her duties." The forbidden conduct can be either active or passive, because the ordinance expressly includes a prohibition against any "refusal to leave a particular area in response to a lawful order from a police officer."

Finally, we determine whether ORS 162.235 or ORS 162.315 permits conduct that EC § 4.907 prohibits. The Supreme Court explained that statutory permission may be found in the express language of the statute, or it may be "apparent in the legislative history, or otherwise." 316 Or at 151. In this case, we conclude that both the text and the legislative history of the relevant statutes reflect an unmistakable intent to permit what EC § 4.907 prohibits.

ORS 162.235, enacted in 1971, provides that the crime of obstructing governmental or judicial administration does not apply to interference with the making of an arrest. The commentary to the Proposed Oregon Criminal Code of 1971 explains that ORS 162.235

"requires that the prohibited conduct be manifested by threats, violence or physical interference, a limitation that recognizes certain constitutional safeguards, *e.g.*, freedom of speech and assembly.

"* * * * *

"It would be inconsistent to prohibit in this section all activities intended to obstruct governmental administration, since broadly generalized prohibitory language might be construed as a restriction upon the lawful exercise of political agitation in opposition to governmental policy." *See also* Commentary to Proposed Oregon Criminal Code 199 (1970); Commentary to Oregon Criminal Code of 1971, 99 (1975).

Consistent with that concern, in 1989 the legislature amended ORS 162.315 expressly to exclude passive resistance from the crime of resisting arrest. Or Laws 1989, ch 877, § 1.

EC § 4.907 expressly prohibits "any physical act, including refusal to leave a particular area in response to a lawful order from a police officer." By its terms, it prohibits passive resistance to arrest. In other words, the statutes permit what the ordinance prohibits. Under *Jackson*, therefore, EC § 4.907 is invalid.

The city insists that the ordinance does not prohibit conduct that the statute permits, because "the ordinance and the statute regulate different conduct." It argues that

"the ordinance regulates interference with a police officer in any type of setting where the officer is attempting to perform his or her lawful duties, while the statute is limited to the situation of an officer attempting to make an arrest."

The city's explanation of the coverage of the two provisions is correct, but its conclusion that they regulate different conduct is not.

The ordinance expressly prohibits refusing to leave a particular area when that conduct interferes with an officer's lawful performance of *any* duty. A police officer is performing a duty when he or she makes an arrest. Therefore, the language of the ordinance prohibits, among other things, refusing to leave a particular area, when that refusal interferes with an officer making an arrest. The ordinance does not distinguish between a refusal to leave an area that is communicated by force or violence and a refusal to leave that is communicated by passive resistance. Therefore, the ordinance and the statute do not regulate different conduct; rather, the conduct that the statute regulates is a subset of the conduct that the ordinance regulates. In short, the ordinance broadly prohibits *all* activities that obstruct a police officer's administration of his or her duties in a manner that the legislature expressly rejected, because "broadly generalized prohibitory language might be construed as a restriction upon the lawful exercise of political agitation in

opposition to governmental policy." Commentary to Proposed Oregon Criminal Code 199 (1970); *see also* Commentary to Oregon Criminal Code of 1971, 99 (1975).

Because the statute permits passive resistance to an officer making an arrest and the ordinance prohibits the same conduct, "the laws are in conflict and the ordinance is displaced under Article XI, section 2." *City of Portland v. Jackson, supra*, 316 Or at 151. Accordingly, defendant's demurrer should have been allowed. Her other assignments of error require no discussion.

Reversed.