Argued and submitted December 6, 1993, reversed September 7, petition for review denied January 24, 1995 (320 Or 507)

# CITY OF PORTLAND,
*Respondent,*

*v.*

## Steven P. ROTH,
*Appellant.*

(DA405565-8910; CA A66485)

880 P2d 967

Garrett A. Richardson argued the cause and filed the brief for appellant.

Madelyn Wessell, Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

---

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

Defendant appeals his conviction for disobeying a police officer at an assembly, a violation of Portland City Code (PCC) section 14.24.100. We reverse.

We begin by considering defendant's argument that the ordinance under which he was convicted is preempted by ORS 162.315.[1] In *City of Portland v. Jackson*, 316 Or 143, 151, 850 P2d 1093 (1993), the Supreme Court specified the procedure that governs this type of challenge:

> "[W]e first must examine the ordinance and statutes that the parties claim are in conflict. Next, we determine what conduct the ordinance prohibits. Third, we look to see whether the applicable statute or statutes *permit* that conduct, either by an express legislative decision, by a decision apparent in the legislative history, or otherwise. If the ordinance prohibits conduct that the statute permits, the laws are in conflict and the ordinance is displaced under Article XI, section 2." (Emphasis in original.)

PCC section 14.24.100 provides:

> "(a)    At an assembly of three or more persons, when there is reasonable cause to believe that a disturbance of the peace or danger to public safety is imminent if the assembly continues, a peace officer may order persons present at the assembly to abandon any weapons or to disperse, if he finds that two or more persons present:
>
> "(1)    Are threatening bodily harm to another or damage to property, with immediate power to carry out that threat, or
>
> "(2)    Have committed an unlawful act of violence during the course of the assembly.
>
> "(b)    It is unlawful for any person present at the scene of an assembly of three or more persons to disobey an order of a peace officer authorized by this Section."

ORS 162.315 provides:

> "(1)    A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.

---

[1] Article XI, section 2, provides, in part:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter subject to the Constitution and criminal laws of the State of Oregon."

"(2) 'Resists,' as used in this section, means the use·or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to the arresting officer. Passive resistance does not constitute behavior intended to prevent being taken into custody."

Subsection (b) of the ordinance prohibits refusing to obey an order to disperse given by a police officer under certain threatening circumstances. It contains no requirement that the defendant be involved in the violence or that the defendant even know that others are involved in violence. *City of Portland v. Hemstreet*, 119 Or App 239, 243-44, 850 P2d 1131 (1993). That prohibition makes no allowances for people with a legitimate motive for disobeying the order to disperse, such as a motive to protest an arrest.

By its terms, ORS 162.315 permits passive resistance to arrest, including the arrest of a third party. *City of Eugene v. Kruk*, 128 Or App 415, 419-20, 875 P2d 1190 (1994). Passive resistance to arrest can take the form of refusing to obey an order to disperse. Thus, by its terms, PCC section 14.24.100(b) prohibits conduct specifically permitted by ORS 162.315. The city points to no other statute that expressly prohibits this conduct.[2] Under *City of Portland v. Jackson, supra,* section (b) is "displaced." 316 Or at 151.

We note, however, that this case introduces a form of preemption beyond that at issue in earlier cases. In *Jackson*, the court observed that, historically, the classic preemption scenario was one in which local ordinances permitted conduct prohibited by statute:

"Local governments thus are barred from, *e.g.*, creating a 'safe haven' for outlaws by legalizing, within the boundaries of the city, that which the legislature has made criminal statewide." 316 Or at 146.

More recent cases have addressed two other species of preemption. In *City of Portland v. Jackson, supra,* the issue was

---

[2] The city argues that ORS 131.675, which deals with dispersal of persons "unlawfully or riotously assembled" clearly applies even to persons passively present and resisting arrest. We do not agree.

whether a statute that prohibits "public indecency" with the "intent of arousing the sexual desire" of another person pre-empted a city ordinance that prohibited "indecent exposure," no matter what the intent. This represents a common form of preemption in which the scope of the statute and the scope of the ordinance are, essentially, concentric circles, addressing the same subject but with the ordinance section covering a broader range of conduct:

ordinance

statute

*See also City of Portland v. Lodi*, 308 Or 468, 782 P2d 415 (1989) (city concealed weapons ordinance prohibited types of knives not prohibited by concealed weapons statute). The question in a *Jackson/Lodi* type of preemption case is whether the additional conduct prohibited by the ordinance is permitted by the statute.

*City of Eugene v. Kruk, supra*, represents a variation on *Jackson's* theme. In *Kruk*, we held that ORS 162.315 preempted a city ordinance that prohibited all forms of interference with the performance of an officer's duties, because the ordinance prohibits conduct (passive resistance to arrest) permitted by statute. Under the *Kruk* form of preemption, the subject of the ordinance is different from, and may be much broader than, the subject of the statute, but the scope of conduct prohibited by the ordinance completely subsumes the scope of the statute:[3]

ordinance

statute

---

[3] There may, hypothetically, be some instances of passive resistance to arrest that do not involve interference with the performance of an officer's duties, but such instances are so rare or remote that the statutorily permitted conduct in *Kruk* is fairly characterized as falling entirely within the prohibited ordinance.

Again, as in *Jackson*, the question is whether the subsumed statute permits conduct prohibited by some portion of the ordinance.

This case presents yet another form of preemption in the area of criminal laws governing conduct. Like the situation in *Kruk*, the subject of the ordinance differs from the subject of the statute, and only a small segment of conduct regulated by the ordinance corresponds to conduct regulated by the statute. In addition, however, only a small segment of the statute corresponds to conduct regulated by the ordinance:

ordinance ———   statute

There is demonstrably very little overlap between the kinds of conduct covered by the two pieces of legislation; most applications of PCC section 14.24.100(b) would in no way conflict with ORS 162.315. Nevertheless, a portion of the "ordinance prohibits conduct that the statute permits." Under *City of Portland v. Jackson, supra*, subsection (b) is preempted.

Nor can the portion of the ordinance that is relevant to defendant's conviction be rescued by severing it from the portion we today hold to be unconstitutional. Although other portions of PCC section 14.24.100 may be severed *from* subsection (b), and thus remain in force, ORS 174.040; *City of Portland v. Dollarhide*, 300 Or 490, 503-05, 714 P2d 220 (1986), there is no identifiable clause or portion *within* subsection (b) that, if removed, would leave behind a coherent and constitutional piece of legislation.

We are somewhat troubled by the prospect of invalidating a piece of local legislation in its entirety, including all of its many legitimate applications, simply because it *could* be applied to prohibit conduct permitted by the legislature. As in *City of Eugene v. Kruk, supra*, there is a sense of, metaphorically, throwing out the baby with the bath water. However, we feel compelled to invalidate PCC section 14.24.100(b) in its entirety.

Reversed.